IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| BRENDA JEAN E[1], | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6:20-CV-00066-H-BU |
| | § | |
| KILOLO KIJAKAZI | § | |
| Acting Commissioner of Social Security[2] | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Brenda Jean E. seeks judicial review of a final adverse decision of the Commissioner of Social Security ("the Commissioner") pursuant to 42 U.S.C. § 405(g). Dkt. No. 1. Under Special Order No. 3-251 of this Court, this case was automatically referred for the determination of non-dispositive motions and the issuance of findings, conclusions, and recommendation of dispositive matters. *See* Dkt. No. 2The parties have not consented to proceed before a magistrate judge.

For the reasons explained below, the undersigned recommends that the Court affirm the Commissioner's decision.

I.     BACKGROUND

---

[1] Due to concerns regarding the privacy of sensitive personal information available to the public through opinions in Social Security cases, Plaintiff is identified only by first name and last initial.

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Plaintiff alleges that her disability began on February 7, 2016. *See* Administrative Record, Dkt. No. 20 ("Tr.") at 10. Plaintiff applied for Title II and XVI Supplemental Security Income as well as disability insurance benefits on April 25, 2017. *Id.* After her application was initially denied on June 28, 2017, she filed for reconsideration which was denied on January 10, 2018. Tr. 133, 143. Plaintiff challenged the denial and requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 151. That hearing was held on April 16, 2019, in Fort Worth, Texas. Tr. 49-78.

At the time of the hearing, Plaintiff was 49 years old. Tr. 50. She graduated from high school and completed some college classes. Tr. 50-51. She had past work experience as a cashier. Tr. 71.

The ALJ found Plaintiff was not disabled and not entitled to disability benefits. *See* Tr. 7-20 ("ALJ Decision"). At step one of the analysis, the ALJ found Plaintiff had not engaged in substantial gainful activity since February 7, 2016, the alleged disability onset date.[3] Tr. 12. At step two, the ALJ found Plaintiff had several severe impairments including: cervical spine impairment, lumbar spine impairment, status-post shoulder surgery, bilateral carpal tunnel syndrome, obesity, somatic symptom disorder, depression, and anxiety. Tr. 13. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or equaled the severity of one of the impairments listed in the Social Security regulations. Tr. 13-15. The ALJ also determined Plaintiff had

---

[3] As discussed further below, the Commissioner employs a five-step analysis in determining whether claimants are disabled under the Social Security Act.

the residual functional capacity ("RFC") to perform light work with the following limitations:

> [S]he may occasionally balance, stoop, kneel, crouch, and crawl. She may occasionally climb ramps and stairs, but never ladders, ropes, or scaffolds. She may occasionally reach above the shoulder with the bilateral upper extremities. She may frequently handle and finger with the bilateral upper extremities. She can perform simple routine tasks. She may occasionally interact with co-workers, supervisors, and the public. She would be allowed a sit/stand option, such that she could perform he work either sitting or standing.

Tr. 15.

The ALJ based the RFC on the medical records, the non-examining Social Security Administration's ("SSA") physicians, and Plaintiff's testimony. Tr. 15-18. At step four, the ALJ found Plaintiff could not return to her past relevant work as a cashier. Tr. 18. The ALJ then considered Plaintiff's age, education, her RFC, and the testimony of a vocational expert ("VE") to determine that there were jobs in the national economy that exist in significant numbers that the plaintiff can perform. Tr. 18-19. The VE also adjusted the number of jobs in the national economy for Plaintiff to have a sit/stand option. Tr. 19. Accordingly, the ALJ determined Plaintiff had not been under a disability as defined by the Social Security Act for the period in question. *Id.*

Plaintiff appealed the ALJ's decision to the Appeals Council, the Council affirmed, and Plaintiff timely filed this action in federal district court.

## II. LEGAL STANDARDS

Judicial review of the Commissioner's decision to deny benefits is limited to determining whether that decision is supported by substantial evidence and whether the

proper legal standards were applied to evaluate the evidence. See 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *see also Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).

Substantial evidence means more than a scintilla, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion." *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000). While a reviewing court must scrutinize the administrative record to ascertain whether substantial evidence supports the Commissioner's findings, it may not reweigh the evidence, try issues de novo, or substitute its own judgment for that of the Commissioner. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). "If the Commissioner's findings are supported by substantial evidence, then the findings are conclusive and the Commissioner's decision must be affirmed." *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (citing 42 U.S. § 405(g)). A reviewing court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

To be entitled to Social Security benefits, a claimant must show that he is disabled within the meaning of the Act. *Leggett v. Chater*, 67 F.3d 558, 563–64 (5th Cir. 1995); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

In evaluating a disability claim, the Commissioner has promulgated a five-step sequential process to determine whether: (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the Social Security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity. *See* 20 C.F.R. § 404.1520; *Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007).

Under the first four steps of the analysis, the burden lies with the claimant to prove disability. *Leggett*, 67 F.3d at 564. Once the claimant satisfies his or her initial burden, the burden shifts to the Commissioner at step five to show that there is other gainful employment in the national economy that claimant is capable of performing. *Greenspan*, 38 F.3d at 236. If the Commissioner shows that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). "A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987); *see also* 20 C.F.R. § 404.1520(a)(4).

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557 (citing *Pierre v. Sullivan*, 884 F.2d 799, 802 (5th Cir. 1989) (per curiam)); *see also Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984). If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id*. However, the Court does not hold the ALJ to procedural perfection. *See Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) Instead, a court will only reverse the

ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record and only if that failure prejudiced Plaintiff. *Id*. That is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728–29 (5th Cir. 1996).

### III.  ANALYSIS

As explained above, judicial review of the Commissioner's decision is limited to determining whether that decision is supported by substantial evidence and whether the proper legal standards were applied. *See supra* Part II. Plaintiff does not appear to claim that the ALJ used improper legal standards in evaluating the evidence, thus the Court limits its review to whether substantial evidence of record supports the ALJ's decision.

Plaintiff is pro se and does not clearly state the bases for her challenge to the ALJ's decision. While courts apply less stringent standards to pro se litigants, they must still brief the issues they wish the court to consider. *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

Plaintiff describes her numerous medical conditions and the resulting financial strain those conditions have caused. Dkt. No. 26 at 1. She also cites her medical conditions as contributing causes to her depression and separation from society. *Id*. But then she simply concludes that she was unjustly denied benefits without citing to any error on the part of the ALJ. *Id*.

The Commissioner argues the ALJ properly determined Plaintiff's RFC by considering the medical records, the SSA physicians, and Plaintiff's testimony. Dkt. No. 27 at 10-17. The Commissioner points out the ALJ thoroughly examined Plaintiff's medical records, compared the records to her testimony, and resolved any discrepancies, as is the ALJ's responsibility. *Id.* The Commissioner cited the ALJ's thorough analysis of the medical records and the inconsistencies between Plaintiff's claims as to her limitations and what the medical evidence revealed. Additionally, the Commissioner explains that the ALJ relied on the VE's testimony and had the number of jobs in the economy adjusted appropriately based on the RFC. *Id.* at 17-18. Plaintiff did not submit a reply brief.

The purpose of an RFC is to determine the most an individual can do despite their limitations. SSR 96-8P, 1996 WL 374184, at *1 (1996). To determine an individual's RFC, an ALJ will consider all evidence and then determine what evidence is consistent and if that evidence is sufficient to determine disability. 20 C.F.R. § 404.1520b(a). The ALJ will also determine what evidence is incomplete or inconsistent and how to best evaluate and manage that evidence or whether to use that evidence at all. *Id.* at (b)-(c). An ALJ is under a duty to "develop the facts fully and fairly relating to an applicant's claim for disability benefits." *Ripley*, 67 at 557.

Here, Plaintiff fails to support a claim that the ALJ's decision either fails to comport with proper legal standards or is not supported by substantial evidence. *See* Dkt. No. 26. Simply citing to her multiple diagnoses without more is insufficient. It appears that the ALJ accounted for Plaintiff's limitations in the RFC and cited to the relevant medical opinions as to how those limitations would affect Plaintiff's ability to perform light work. Tr. 15-

18. The ALJ also asked the VE to account for the necessary sit/stand option in determining whether jobs existed in the national economy in significant numbers. Tr. 73-74. A finding of no substantial evidence is warranted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988) (internal quotation marks and citation omitted). A scrutiny of this record fails to reveal a lack of substantial evidence.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the hearing decision be AFFIRMED. Because all parties have not consented to proceed before a United States Magistrate Judge, the undersigned directs the Clerk of Court to REASSIGN this case to United States District Judge Wesley James Hendrix in accordance with normal procedures.

## V. RIGHT TO OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific or sufficient. Failure to file written objections will bar

the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except on grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 10th day of November, 2021.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE